IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00639-BNB

TELELA SHINAULT,

    Plaintiff,

v.

D.P.D. SERGEANT TONY FOSTER, and
OFFICER R. MAGOT,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Telela Shinault, initiated this action by filing a *pro se* Complaint. She has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Ms. Shinault's filings liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Shinault will be directed to file an amended complaint.

    Ms. Shinault's complaint is very difficult to read. She appears to allege that on February 11, 2009, the defendant police officers assaulted her. As relief, she seeks damages.

    Ms. Shinault's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Ms. Shinault to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Shinault fails to assert jurisdiction pursuant to any statutory authority. She also set forth a short and plain statement of her claims showing she is entitled to relief. Her allegations are confusing and conclusory, and fail to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In addition, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The complaint Ms. Shinault filed is difficult to read because it is single-spaced and nearly illegible.  The amended complaint Ms. Shinault will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Ms. Shinault's must present her claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Shinault will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  In the amended complaint, Ms. Shinault must allege, simply and concisely, her specific claims for relief.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Ms. Shinault, therefore, will be directed to file an amended complaint that asserts a basis for this Court's jurisdiction, states her claims clearly and concisely, and asserts what rights were violated.  Accordingly, it is

ORDERED that Plaintiff, Telela Shinault, file within **thirty (30) days**  from the date of this order an amended complaint that complies with the directives of this order.

Case 1:12-cv-00639-BNB   Document 8   Filed 03/26/12   USDC Colorado   Page 4 of 4

It is

FURTHER ORDERED that Ms. Shinault shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Shinault fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 26, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4