IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00639-RBJ-BNB

TELELA SHINAULT,

Plaintiff,

v.

DPD SERGEANT TONY FOSTER, and
DPD OFFICER R. MAGOT,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on Defendants' **Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)** [Doc. #20, filed 08/02/2012] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff initiated this case by filing a Complaint [Doc. #1] on March 13, 2012.  She filed an Amended Complaint on April 20, 2012 [Doc. #9] (the "Complaint").  The plaintiff alleges that she was assaulted by the defendants on February 11, 2009, while she was walking across a public park and that the defendants' actions violated her constitutional rights.  She brings this action pursuant to 42 U.S.C. § 1983.

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; section 13-80-102, C.R.S. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

Pursuant to D.C.COLO.LCivR 8.1, the court conducted an initial review of the plaintiff's *pro se* Complaint.[1] Noting that the single event underlying the plaintiff's claim occurred on February 11, 2009, the court issued an order [Doc. #10] directing the plaintiff to show cause why the Complaint should not be dismissed as time barred by the two year statute of limitation applicable to claims asserted under 42 U.S.C. § 1983.

The plaintiff filed a response on May 21, 2012 [Doc. #11]. She asserts that she suffered from mental and physical disabilities which rendered her incapable of filing a complaint within the limitation period. She further asserts that she had been hospitalized in a mental heath institution and had been taking medications that made it difficult to draft a complaint. Liberally construed under Haines, the plaintiff's response is an amendment to her Complaint.

---

[1]Rule 8.1 provides that "[a] judicial officer designated by the Chief Judge shall review the pleadings of a pro se party who is allowed to proceed without prepayment of fees to determine whether the pleadings should be dismissed summarily. A judicial officer may request additional facts or documentary evidence necessary to make this determination."

The issue of tolling is governed by Colorado state law.  See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995).  Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."  Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).  Colorado's statutory tolling provisions apply only to "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian."  See Colo.Rev.Stat. §§ 13-81-101, 103.  Because allegations of a mental disability may entitle the plaintiff to tolling of the statute of limitation, the case was drawn to a district judge and a magistrate judge [Doc. #12].

The defendants seek dismissal of the Complaint under Rule 12(b)(6), Fed.R.Civ.P., on the basis that it is barred by the statute of limitation.  They argue that the plaintiff has failed to "prove" that she is mentally incompetent.  *Defendants' Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6)* [Doc. #25] (the "Reply"), 3-6.

I am aware that "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.  Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion."  See, e.g., Aldrich v. McColloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (citations omitted); Escobar v. Reid, 668 F.Supp.2d 1260, 1287 (D.Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is

a basis to toll the accrual date").  However, the plaintiff's Complaint, including her response to the court's show cause order, alleges a plausible claim for relief that may be subject to tolling of the statute of limitation.

The defendants have submitted documents in an attempt to prove that the plaintiff was mentally competent during the limitation period.[2]  *Reply*, Documents 25-1 through 25-3.  In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56.  Fed.R.Civ.P. 12(d).  I decline to consider the documents in my analysis of the defendants' Motion to Dismiss.  Therefore , I need not convert the motion to one for summary judgment.  Fed.R.Civ.P. 12(d).

I respectfully RECOMMEND that the Motion be DENIED.[3]

---

[2]The documents are unauthenticated and do not address the whether the plaintiff was mentally competent throughout the entire limitation period.

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 15, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge