IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00639-RBJ-BNB

TELELA SHINAULT,

Plaintiff,

v.

DPD SERGEANT TONY FOSTER, and
DPD OFFICER R. MAGOT,

Defendants.

_____

**ORDER**
_____

Before me are two papers filed by the plaintiff titled **Civil Scheduling Order** [Docs. #36 and #37] (the "Papers"). The Papers are STRICKEN.

The Papers are deficient for several reasons. First, the plaintiff does not certify that she served a copy of the Papers on counsel for the defendants. Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Rule 5, Fed. R. Civ. P. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be included in the original papers and should show the day and manner of service. Id.

In addition, although titled "Civil Scheduling Order," they are not scheduling orders at all.[1]  In Document #37, the plaintiff seeks an extension of time to make her Rule 26 disclosures.[2]  "A request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).  "The rules governing captions and other matters of form in pleadings apply to motions and other papers."  Fed. R. Civ. P. 7(b)(2).  The plaintiff improperly submitted a request in the form of an order--not in the form of a motion, as required.

Finally, Document #36 is largely incomprehensible, and does not seek any specific relief from the court.  The plaintiff accuses the defendants' counsel of lying during the Scheduling Conference and in the proposed scheduling order.  These issues were discussed and resolved at the Scheduling Conference.  The plaintiff had an opportunity to assert--and did assert--her arguments then.  Document #36 is an improper attempt to reargue the issues.

IT IS ORDERED that Documents ##36 and 37 are STRICKEN.

Dated March 1, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I entered the Scheduling Order [Doc. #35] on February 19, 2013.

[2] The plaintiff states that she needs an extension of time because she is a senior citizen and is mentally and physically disabled.  She does not explain how her age and disabilities prevent her from complying with the deadline.  Moreover, if the plaintiff is mentally or physically unable to prosecute her case, she must secure appointment of a guardian and engage the services of an attorney.