IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00639-RBJ-BNB

TELELA SHINAULT,

Plaintiff,

v.

DPD SERGEANT TONY FOSTER, and
DPD OFFICER R. MAGOT,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Recusal** [sic] **Magistrate Judge Boyd N. Boland** [Doc. #45, filed 08/12/2013] (the "Motion"). The Motion is DENIED.

The plaintiff initiated this case on March 13, 2012, by filing a Complaint [Doc. #1] against Denver Police Department Sergeant Tony Foster and Denver Police Department Officer R. Magot. On March 26, 2012, I entered an order [Doc. #8] finding that the Complaint failed to comply with Rule 8, Fed. R. Civ. P.; was not legible or double spaced; and was not submitted on the court's form for *pro se* litigants. I ordered the plaintiff to file an amended complaint on or before April 25, 2012, that complied with the directives of my order.

The plaintiff filed her Amended Complaint [Doc. #9] on April 20, 2012. The defendants sought an extension of 21 days to answer or otherwise respond [Doc. #16]. The district judge granted the extension [Doc. #17], and the defendants filed a motion to dismiss on August 2, 2012 [Doc. #20].

On January 15, 2013, I issued a recommendation that the motion to dismiss be denied [Doc. #28], which was adopted by the district judge on February 11, 2013 [Doc. #32]. On January 16, 2013, I set a Scheduling Conference [Doc. #29] and ordered the parties to submit a proposed Scheduling Order prior to the Scheduling Conference. The parties submitted separate proposed scheduling orders [Docs. ##30 and 33].[1] The Scheduling Conference was held [Doc. #34], and a Scheduling Order was entered [Doc. #35], on February 19, 2013.

The plaintiff requests that I recuse on the basis that I am biased against her. The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978; Hall, 391 F. Supp. at 240. The plaintiff has not submitted a supporting affidavit with her Motion. Therefore, she does not provide a basis upon which I should recuse myself under 28 U.S.C. § 144.

---

[1] The plaintiff filed a proposed scheduling order [Doc. #30] which is a handwritten version of the scheduling order form. She also filed an amended proposed scheduling order [Doc. #31] which is primarily a blank scheduling order form.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the

>    law upon those found guilty of a particular offense; (3) prior
>    rulings in the proceeding, or another proceeding, solely because
>    they were adverse; (4) mere familiarity with the [parties], or the
>    type of charge, or kind of defense presented; (5) baseless personal
>    attacks on or suits against the judge by a party; (6) reporters'
>    personal opinions or characterizations appearing in the media . . .;
>    and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Also applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

>    It is enough for present purposes to say the following: First,
>    judicial rulings alone almost never constitute a valid basis for a
>    bias or partiality motion. In and of themselves, (*i.e.*, apart from
>    surrounding comments or accompanying opinion), they cannot
>    possibly show reliance upon extrajudicial source; and can only in
>    the rarest circumstances evidence the degree of favoritism or
>    antagonism required . . . when no extrajudicial source is involved.
>    Almost invariably, these are proper grounds for appeal, not for
>    recusal. Second, opinions formed by the judge on the basis of
>    facts introduced or events occurring in the course of the current
>    proceedings, or of prior proceedings, do not constitute a basis for a
>    bias or partiality motion unless they display a deep-seated
>    favoritism or antagonism that would make fair judgment
>    impossible.

The Motion is not a model of clarity. The plaintiff claims that (1) I permitted the defendants to commit perjury; (2) I said that the plaintiff did not timely file an amended complaint before February 19, 2013; (3) I said to defense counsel "you want to win, don't you?"; (4) I failed to acknowledge "and enter" police brutality with excessive force, unlawful incarceration without probable cause, and Denver Police Department violations of policies and procedures because I said it was hearsay; (5) I granted the defendants' motion for an extension of time to respond to the Amended Compliant, but I denied the plaintiff an extension of time to make her Rule 26 disclosures; (6) I made a derogatory statement in an order dated March 1,

4

2013, that if the plaintiff's disabilities rendered her unable to prosecute her case, she must get an attorney; (7) I struck her requests for extensions of time; (8) I said that the defendants and the defendants' counsel probably did not want to talk to her; and (8) the defendants have refused to schedule a settlement conference.

The bases for many of the allegations are indiscernible. However, several of the allegations appear to stem from the Scheduling Conference, which was recorded pursuant to court procedure. I have reviewed the recording of the February 19th Scheduling Conference with special attention to the portions relevant to the plaintiff's allegations.

At the Scheduling Conference, the parties disagreed on whether the plaintiff had refused to cooperate with defense counsel in preparing a proposed scheduling order. I stated that regardless of what happened, the plaintiff had to cooperate with defendants' lawyer as the case progresses. When encouraging the plaintiff to work with opposing counsel in pretrial matters, I stated that "[i]n general, I find that the City Attorney's Office, although they're trying to win the case, are reasonable people and they'll work with you, and so I encourage you to cooperate with them as we get the case ready."

The plaintiff had not served her Rule 26(a)(1) disclosures on the defendants. I explained the requirements of Rule 26(a)(1) to the plaintiff, and she agreed that she could make her disclosures by February 28, 2013. I warned the plaintiff that she had to make her disclosures on or before this date, or she was required to file a motion requesting an extension and providing a good reason why she could not meet the deadline. She then stated that she would need more time because she would have to go to the library. I told her that she did not need a library to list her witnesses and exhibits; these are factual matters that would not be found in a library.

I explained to the plaintiff in detail the tools of discovery available to her pursuant to the Federal Rules of Civil Procedure. The plaintiff asked how she would get statements from witnesses if she could not afford to depose them. I told her that she could get statements from witnesses, but it was possible that the defendants would not talk to her, and she may not be able to get statements from them. I told the plaintiff that she could serve written interrogatories on the defendants.

I set a deadline to amend the Amended Complaint of March 15, 2013.

When explaining the contents of a final pretrial order, the plaintiff asked if the exhibits to be listed included findings by the City Attorney and others. I stated that they could be exhibits; I had not looked at them; I did not provide legal advice; they could potentially be hearsay; they might not be admitted for that reason; but, ultimately, I did not know if they would be admitted.

At least two of the plaintiff's allegations appear to stem from an order striking two of the plaintiff's filings. In the order, I stated:

> The Papers are deficient for several reasons. First, the plaintiff does not certify that she served a copy of the Papers on counsel for the defendants. Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Rule 5, Fed. R. Civ. P. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be included in the original papers and should show the day and manner of service. Id.
> In addition, although titled "Civil Scheduling Order," they are not scheduling orders at all. In Document #37, the plaintiff seeks an extension of time to make her Rule 26 disclosures. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).

> "The rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). The plaintiff improperly submitted a request in the form of an order--not in the form of a motion, as required.
>
> Finally, Document #36 is largely incomprehensible, and does not seek any specific relief from the court. The plaintiff accuses the defendants' counsel of lying during the Scheduling Conference and in the proposed scheduling order. These issues were discussed and resolved at the Scheduling Conference. The plaintiff had an opportunity to assert--and did assert--her arguments then. Document #36 is an improper attempt to reargue the issues.

*Order issued March 1, 2013* [Doc. #39].

In a footnote, I stated:

> The plaintiff states that she needs an extension of time because she is a senior citizen and is mentally and physically disabled. She does not explain how her age and disabilities prevent her from complying with the deadline. Moreover, if the plaintiff is mentally or physically unable to prosecute her case, she must secure appointment of a guardian and engage the services of an attorney.

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144. Many of the plaintiff's allegations are mischaracterizations of the record. Moreover, routine orders requiring the plaintiff to file papers and conduct discovery in compliance with the Federal Rules of Civil Procedure are not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555. The plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against her. I hold no bias nor enmity against the plaintiff. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

Dated August 28, 2013.

                                                      BY THE COURT:

                                                      s/ Boyd N. Boland
                                                      United States Magistrate Judge