IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00639-RBJ-BNB

TELELA SHINAULT,

Plaintiff,

v.

DPD SERGEANT TONY FOSTER, and
DPD OFFICER R. MAGOT,

Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b)** [Doc. #42, filed 08/02/2013]. I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as the advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendants state that the plaintiff has failed to respond to their written discovery requests and failed to appear for her deposition. The defendants seek dismissal of the plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b). Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any
> claim against it. Unless the dismissal order states otherwise, a
> dismissal under this subdivision (b) and any dismissal not under
> this rule--except one for lack of jurisdiction, improper venue, or

> failure to join a party under Rule 19--operates as an adjudication
> on the merits.

When a plaintiff fails to comply with the Federal Rules of Civil Procedure, dismissal of the action pursuant to Rule 41(b) may be an appropriate sanction.  Before recommending dismissal, however, a court must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the
> amount of interference with the judicial process; (3) the culpability
> of the litigant; (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.  Only
> when the aggravating factors outweigh the judicial system's strong
> predisposition to resolve cases on their merits is dismissal an
> appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).  "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Id. at 920.

Applying the Ehrenhaus factors, I cannot say that the defendants have been unduly prejudiced by the plaintiff's failure to respond to their discovery requests because the defendants did not take any action to protect their interest, *e.g.*, they failed to file a motion to compel the discovery pursuant to Rule 37, Fed. R. Civ. P.  Moreover, the plaintiff has not been given any warning that her failure to comply with discovery rules would result in dismissal of her case.  These factors weigh heavily against the defendants' Motion.

I respectfully RECOMMEND that the Motion [Doc. # 42] be DENIED.[1]

Dated August 28, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).