IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00639-RBJ-BNB

TELELA SHINAULT,

Plaintiff,

v.

DPD SERGEANT TONY FOSTER, and
DPD OFFICER R. MAGOT,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Recusal** [sic] **Magistrate Judge Boyd N. Boland** [Doc. #60, filed 09/23/2013] (the "Motion"). The Motion is DENIED.

This is the plaintiff's second request that I recuse. In denying the first motion, I stated:

> The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:
>
> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings."

*Order dated August 28, 2013* [Doc. #51].

Here, as previously, the plaintiff has not submitted a supporting affidavit with her Motion. Therefore, she does not provide a basis upon which I should recuse myself under 28 U.S.C. § 144.

The second statute which addresses recusal is 28 U.S.C. § 455.  Section 455 provides in relevant part:

> (a)  Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The plaintiff alleges bias because on September 23, 2013, I permitted the defendants to take her deposition, and I always rule in the defendants' favor.  The latter statement is belied by the record which shows that I have recommended denial of two motions to dismiss filed by the defendants [Docs. ##28 and 52].  Moreover, prior adverse rulings, without more, do not satisfy the requirements for recusal.  Liteky v. United States, 510 U.S. 540, 555-56 (1994); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

On September 23, 2013, I held a hearing on the defendants' motion to modify the scheduling order [Doc. #48].  The defendants sought to extend the discovery deadline to allow them to depose the plaintiff; an order setting the deposition date; and the opportunity for further discovery depending on the plaintiff's deposition testimony.  The defendants represented, and the plaintiff admitted, that the plaintiff was served with a notice of a deposition to occur on July 15, 2013.  The plaintiff did not attend the scheduled deposition.  I found that the defendants acted with reasonable diligence in seeking discovery and that the discovery, at least with respect to the deposition, was frustrated by the plaintiff's failure to appear on July 15, 2013, at the place and time as set by a notice of deposition served upon her.  I granted the defendants' motion to

modify the Scheduling Order, and I set the deposition for October 11, 2013. Under these facts, a reasonable person would not harbor doubts about my impartiality. See United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

The plaintiff also complains that I "continue[] to ask defendants counsel you want to win don't you. and says to Plaintiff there not gonna give you any money."[1] *Motion*, p. 4. The plaintiff mischaracterizes the record. At the September 23rd hearing, the plaintiff complained that the defendants did not comply with the Scheduling Order which states that "[t]he parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibility for a prompt settlement or resolution of the case by alternate dispute resolution." *Scheduling Order* [Doc. #35], p. 5, § 6h. In finding that this requirement had been met, I stated that "what I just heard [the defendants' counsel] say is that the defendants think they can win this case on the merits, and they don't want to settle with you. They want to have the case go forward and have a judge decide whether they win or not."

The plaintiff has failed to demonstrate that my recusal is justified under 28 U.S.C. § 455 or 28 U.S.C. § 144.

IT IS ORDERED that the plaintiff's Motion [Doc. #60] is DENIED.

Dated October 22, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.