IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-00639-RBJ-BNB

TELELA SHINAULT,

    Plaintiff,

v.

D.P.D. SERGEANT TONY FOSTER, and
D.P.D. R. MAGOT, officer,

    Defendants.

## ORDER

Telela Shinault alleges that two Denver police officers employed excessive force against her in violation of her Fourth Amendment rights. United States Magistrate Judge Boyd N. Boland recommends that the defendants' motion for summary judgment, based upon the statute of limitations, be granted. Based upon a de novo review I agree with Judge Boland, and therefore, this case will be dismissed.

### FACTS

In her Amended Complaint [ECF No. 9] Mrs. Shinault alleges that on February 11, 2009 at around 3:00 p.m. she was walking across a Denver park when an unmarked car drove up to her. Two males and a female got out. They did not identify themselves as Denver police officers. Mrs. Shinault heard a voice telling her not to leave, but she assumed it was someone with whom she plays cards in the park wanting her to stay. She continued on.

However, one of the males and the woman grabbed her hands and removed her belongings from her pockets. One or more of the officers then began to beat her across her face and arms with handcuffs, kneed her in the back, and slammed her against "concrete media." They then placed her in the handcuffs. Mrs. Shinault's friend Eddie asked these individuals why they were treating Mrs. Shinault that way. One of the males then identified himself as Sergeant Tony Foster and said the other male was Officer R. Magot. Sgt. Foster then explained that he was making an example out of Mrs. Shinault, because it was his park and when he gave an order not to leave it meant not to leave. Sgt. Foster then grabbed Eddie around the neck and threw him against a fence. Mrs. Shinault alleges that Officer Magot took her wallet, examined her I.D., and said she had an outstanding warrant. Mrs. Shinault denied that, and the (unidentified) female cleared her. Sgt. Foster insisted that she did have a warrant and arrested her on made up charges of interference with a police officer. She was incarcerated in the Denver County jail until she posted a $1,500 bond. The case was later dismissed.

Mrs. Shinault alleges that she filed a complaint with the Internal Affairs Bureau of the Denver Police Department on March 9, 2009. Although not indicated as such in the Amended Complaint, apparently she did obtain a satisfactory result there. She filed the present lawsuit against Sgt. Foster and Officer Magot on March 13, 2012. She alleges that the described conduct violates her constitutional rights under the Fourth, Fifth, Eighth and Ninth Amendments. The Amended Complaint also mentions the Americans with Disabilities Act, but it does not identify her disability. She prays for money damages to compensate her for facial disfigurement, loss of a tooth, bruises, loss of property (including diamond earrings) and mental and physical pain and suffering.

Even before the defendants were served the magistrate judge issued an order directing Mrs. Shinault to show cause as to why her claims, which the court interpreted as having been brought pursuant to 28 U.S.C. § 1983, should not be denied as barred by the two-year statute of limitations applicable to such claims. [ECF No. 10]. Mrs. Shinault filed a response indicating that she had been told by the Chief of Police and by the Commander of District Six that she had a legitimate claim. [ECF No. 11] With respect to the statute of limitations, she indicated that if her complaint was filed outside the limitations period, the delay should be excused because she was "under heavy mental illness medications" and was suffering from mental and physical disabilities. *Id.* She seemed to suggest that she was so informed on multiple dates, most recently October 28, 2009. The case was then reassigned, and the limitations issue was not further pursued at that time.

On August 2, 2012 the defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 20]. Defendants argued that the claim was barred by the two-year statute of limitations. Mrs. Shinault responded essentially by incorporating her previous response to Judge Boland's show cause order. [ECF No. 24]. The motion was referred to the magistrate judge. Judge Boland found that the Amended Complaint, coupled with Mrs. Shinault's response to his show cause order, alleged a plausible claim for relief that might be subject to tolling of the statute of limitations. He declined to convert the motion into a motion for summary judgment and consider documents submitted by the defendants outside the pleadings. Accordingly, he recommended that the motion be denied. [ECF No. 28 at 4]. No objections were filed, and this Court adopted the recommendation and denied the motion to dismiss. [ECF No. 32].

Meanwhile the defendants had served interrogatories, requests for production of documents and requests for admission on Mrs. Shinault. Among other things they sought information relating to her medical and psychological treatment during the period that Mrs. Shinault claims to have been under a disability. Mrs. Shinault did not respond, and she refused to sign releases so that the defendants could obtain medical records. They also attempted to schedule a deposition of Mrs. Shinault. She did not initially respond, but eventually a deposition was scheduled for July 15, 2013. However, before the deposition was taken, Mrs. Shinault informed defense counsel that she would not appear, and in fact, she did not appear for the scheduled deposition.

Defendants then moved to dismiss under Rule 41(b) for failure to prosecute. [ECF No. 42]. Inexplicably Mrs. Shinault then moved for recusal of Magistrate Judge Boland. Perhaps fortunately for her, Judge Boland, to whom the second motion to dismiss had also been referred, denied the recusal motion. He also recommended that defendants' motion to dismiss for failure to prosecute be denied, finding that despite Mrs. Shinault's failure to respond to discovery requests, she had not been warned that this might result in dismissal of her case; and that the defendants had not be unduly prejudiced. [ECF No. 52]. No objections were filed. The motion to dismiss for failure to prosecute and the recommendation that this Court deny the motion are still pending.

On September 19, 2013 defendants next filed a motion for summary judgment, reiterating that Mrs. Shinault filed her lawsuit after the statute of limitations had run, and that Mrs. Shinault had not met her burden of demonstrating that the statute should be tolled. [ECF No. 54]. Once again the motion was referred to Magistrate Judge Boland. Perhaps fearful that Mrs. Shinault would not know of the requirements for responding to such a motion, Judge Boland issued a

4

short order informing Mrs. Shinault that her response would be due on October 10, 2013. [ECF No. 59]. Mrs. Shinault promptly filed another motion for the recusal of Judge Boland [ECF No. 60] which he again denied. [ECF No. 65]. Meanwhile, Mrs. Shinault on October 9, 2013 filed a response to the motion for summary judgment. [ECF No. 63]. In it she accused defense counsel of "rearguing the case" and violating her right to "fair and just justice." *Id.* at 1. She reiterated her claims against the defendant officers, once again mentioning the Americans with Disabilities Act as well as the United States Constitution.

What Mrs. Shinault did not do, unfortunately, was respond to the limitations and tolling arguments made in the motion for summary judgment. *Id.* at 1-6. Nevertheless, defense counsel from the Denver City Attorney's Office could not resist filing a six-page reply on behalf of the defendants, the substance of which was, "she didn't respond to our arguments." [ECF No. 64]. Perhaps defendants' history of procedural setbacks in the case made them extra cautious.

Magistrate Judge Boland issued what now is his third recommendation in the case, this time recommending that the motion for summary judgment be granted, and that Mrs. Shinault's claims be dismissed. [ECF No. 66]. The recommendation notes that the facts must be viewed in the light most favorable to the party opposing the motion, here meaning the light most favorable to Mrs. Shinault. *Id.* at 1. He recited familiar law that the moving party bears the initial burden to show the absence of any genuine issue of material fact, and that if that burden of going forward is met, then the opposing party must go beyond her pleadings and come forward with evidence showing that there is, indeed, a genuine issue for trial. He also reiterated a court's obligation to construe a *pro se* party's pleadings liberally. *Id.* at 2.

The magistrate judge also repeated his legal conclusions regarding the statute of limitations applicable to actions asserted under 42 U.S.C. § 1983. Because the federal statute

does not contain its own limitations provision, the most analogous state statute of limitations – in this instance Colorado's personal injury limitations statute – is used. Under that statute, the claim must be brought within two years after the cause of action accrues. C.R.S. § 13-80-102. Mrs. Shinault's cause of action accrued on February 11, 2009. She filed this lawsuit on March 13, 2012. Therefore, the magistrate judge concluded, unless tolling applies, her claims are barred. *Id.* at 3.

Under Colorado law, the magistrate concluded, equitable tolling is "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claims or truly extraordinary circumstances prevented the plaintiff from filing the claims." *Id.* (citing *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). He concluded that statutory tolling applies to minors under 18 years of age, mental incompetents, or persons under other legal disability who do not have a legal guardian, citing C.R.S. §§ 13-81-101 and 103. Finding that Mrs. Shinault had not provided any argument or evidence showing that she is entitled to equitable or statutory tolling, the magistrate judge recommended that summary judgment be granted. *Id.* at 3-4.

Mrs. Shinault was advised of her right to object, but she did not file an objection as such. Instead, she filed another copy of the response to the motion for summary judgment that she had previously filed. [ECF No. 67]. Then the defendants, apparently not content to rest on the magistrate judge's recommendation that the case be dismissed, filed (1) a 13-page motion to dismiss for failure to prosecute, harkening back once again to Mrs. Shinault's failure to appear for her deposition and their written discovery [ECF No. 68], and (2) a nine-page response to plaintiff's "objection" to the magistrate judge's recommendation that their motion for summary judgment be granted (the refiled response to the motion for summary judgment that itself did not

respond to the arguments in that motion). [ECF No. 69]. Finally, to complete the chronology, on January 3, 2014 Ms. Shinault filed a document that appears to be a response to some of the written discovery.

## STANDARD OF REVIEW

Any part of a magistrate judge's report and recommendation on a dispositive motion to which a proper objection has been made is reviewed de novo by the district court. Fed. R. Civ. P. 72(b)(3). However, "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

## CONCLUSIONS

If Mrs. Shinault's factual allegations were true, then she was poorly treated by the Denver Police Department. However, we do not know whether there is any truth at all to her serious charges. That is why we have the civil justice system – a forum where people can air their grievances against persons who they believe wronged them and have those grievances resolved under the rule of law. But, there are certain rules and requirements that have been created to assure that the procedure is fair to all parties.

Our courts have long recognized that citizens like Mrs. Shinault, who exercise their right to file a suit in federal court but who are not trained in the substance or procedure of the law, should not be unduly shackled by the lack of this training. Our courts should be open to all. The system can, and must, do better. Recently this district has created a civil pro bono pilot project,

the goal of which is to attempt to match *pro se* litigants who lack the wherewithal to hire a lawyer but who have a potentially valid claim, with lawyers in the community who are willing to volunteer their time and services without compensation. The project is in its infancy, and only time will tell how well or poorly it works. Those of us who make our livings in the system know that we cannot let efforts like that fail and still claim that the courts are indeed open to all.

But even before, indeed well before, projects like that have been undertaken, federal courts have understood that the pleadings and other efforts of citizens who undertake a federal civil case alone deserve to be cut a little slack. Thus, throughout his involvement in this case, Judge Boland has reminded the parties that he must liberally construe Mrs. Shinault's pleadings, as the United States Supreme Court instructed in *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). By the same token, however, courts owe fair treatment to both sides of a lawsuit. Judges cannot act as advocates for *pro se* litigants. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). At the most basic level, a plaintiff, whether or not represented by a lawyer, must be able and willing to recount the facts that support her claim. *Id.* She must respond to the reasonable efforts of the opposing party to discover her facts. And, she must make some rational and coherent response to the substance of valid motions that are filed by the opposing party.

Mrs. Shinault has provided the facts of what happened to her from her perspective. She has identified, in some of her filings, some individuals who she says have some knowledge of the facts. That is all to the good in terms of her prosecution of this lawsuit. The problem is, however, that the wolf at the door is the statute of limitations. And, despite his best efforts, the magistrate judge has not been able to convince her that she must defend herself.

Although no objection to the pending summary judgment recommendation was filed, thereby causing Mrs. Shinault to waive her right to a de novo review, I have in fact conducted a

de novo review. I have read every pleading filed by either party to the case. From that review I begin with the law. What Mrs. Shinault has alleged, in its substance, is the application of excessive force followed by an unlawful arrest and detention. The Fourth and Fourteenth Amendments protect citizens against unreasonable searches and seizures, and the conduct she describes appears to fall within its ambit. She has alluded to various other constitutional provisions which seem to have less application. She has mentioned the Americans with Disabilities Act, but even the most liberal interpretation of her Amended Complaint would not state a viable ADA claim.

The jurisdictional base for a federal claim for violation of constitutional rights by a city or state police officer is 42 U.S.C. § 1983. I agree with Judge Boland that the period of limitations applicable to a Section 1983 claim in this district is two years from the date when the claim accrued. *See, e.g.*, *Onyx Properties LLC v. Board of County Commissioners*, 916 F. Supp. 2d 1191, 1196 (D. Colo. 2012). Quite clearly, unless tolling applies, Mrs. Shinault waited too long to file this case. The claim accrued when the alleged assault occurred on February 11, 2009. The suit was filed on March 13, 2012, a little over three years later.

Like the statute of limitations itself, state law governs the tolling of the running of the period of limitations. *Braxton v. Zavaras*, 614 F.3d 1136, 1159 (10th Cir. 2010). And, "[u]nder Colorado law, plaintiffs bear the burden of demonstrating that the statute of limitations should be tolled." *Id.* In his recommendation Judge Boland described some circumstances that might warrant tolling the statute. For example, the running of the statute can be equitably tolled when extraordinary circumstances prevent the plaintiff from filing a claim. Or, the statute might be tolled as against persons with a disability, such as a mental disability, who do not have a guardian to look out for them.

Mrs. Shinault, instinctively perceiving the same commonsense concepts that support those legal theories of tolling, suggested that during the period between the alleged assault and her filing of her original complaint her functioning was limited by mental or physical disabilities or medication. The problem is, when it came time for her to provide some evidence to support those claims, and that her difficulties were such as might have prevented her from filing her lawsuit in a timely manner, she provided nothing. Worse yet, when the defendants tried in various ways to obtain the information from her – by written discovery, by requesting releases of medical records, by scheduling a deposition – she refused to provide any of the information or to cooperate at all with these discovery efforts. When the defendants moved for summary judgment on the basis that she had come forward with nothing to support any claim of tolling, she did not respond, other than to reiterate that she believes the Denver Police Department did her wrong. When the magistrate judge recommended that this Court grant summary judgment on the basis of the statute of limitations, she did not object, other than again to reiterate her complaints against the defendants.

In short, no matter how liberally one interprets Mrs. Shinault's efforts to prosecute the case, she has not responded at the most basic level to what she must do. She has not done her part. She has given the Court no option but to dismiss her case. It is the fair and just thing to do.

The Court concludes that the magistrate judge committed no error of law. I have found no clear error, nor indeed any error, in his findings of fact. Rather, I have seen evidence of a magistrate judge who has bent over backwards to try to give Mrs. Shinault the benefit of the doubt and second and third chances to pull it together. Under any standard of review, his recommendation must be accepted.

**ORDER**

1. The recommendation of the magistrate judge [ECF No. 66] is ACCEPTED AND ADOPTED.

2. Defendants' motion for summary judgment [ECF No. 54] is GRANTED. Judgment shall enter dismissing this civil action and all claims therein with prejudice. As the prevailing parties, the defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

3. ECF Nos. 42, 52 and 68 are MOOT.

DATED this 31st day of January, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge